**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**GEORGE PEREZ
Reg. #17859-051**                                                                                        **PLAINTIFF**

**V.**                                **No. 2:09CV0017 BSM-BD**

**LINDA SANDERS,** *et al.*                                                                              **DEFENDANTS**

**ORDER**

The court has received the recommended disposition from Magistrate Judge Beth Deere, and the objections filed thereto. After careful review of the recommended disposition, the objections, and a *de novo* review of the record, the court concludes that the recommended disposition should be, and hereby is, approved and adopted as this court's findings, with the following additions and modifications:

"If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the court] interpret[s] the complaint as including only official-capacity claims." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Here, Perez did not specifically name any of the defendants in their individual capacities. "It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of soveriegn immunity." *Buford*, 160 F.3d at 1203. Thus, Perez's claims for money damages are barred by sovereign immunity and dismissed with prejudice.

The court finds that even assuming Perez named the defendants in their individual capacities, his claims should be dismissed. In his objection, plaintiff George Perez ("Perez") asserts that the three-year statute of limitations did not run until March 13, 2009, because he

did not discover that his custody classification had been "altered, changed, deleted, and/or omitted" until late February or early March 2006. Perez's amended complaint asserts that he was sanctioned for the charge of fighting with another person on November 14, 2005. Perez's amended complaint also alleges that the charge was altered from fighting with another person to assault on November 28, 2005, and that his custody classification was altered on December 19, 2005. Perez's appeal dated March 13, 2006, implies that he received a corrected copy of the Disciplinary Hearing Officer Report "about five weeks" after he pled guilty to the fighting with another person charge. In his objection, Perez asserts that he was assaulted in the medium security facility on January 25, 2006, and suffered a broken finger, dislocated finger, and bruises. Perez filed his complaint in this case on February 12, 2009.

Perez's arguments appear only to apply to his claim that certain defendants violated his constitutional rights by altering his custody classification form and failing to follow procedure. As set forth in the recommended disposition, these claims fail because he has no constitutional right to placement in any particular institution and has no liberty interest in having prison officials follow prison regulations. Regardless, the court finds that Perez's argument with regard to the statute of limitations is without merit, and these claims are dismissed with prejudice.

Magistrate Judge Deere recommends that to the extent Perez makes a claim of failure to protect, it should be dismissed without prejudice because Perez "fails to include any

factual allegations regarding the incident that resulted in his injuries in his Complaint or Amended Complaint." In his objection, Perez asserts that his failure to protect claim should not be dismissed. He states that defendants Danaher, Sanders, Jones were aware of the assaults against Mexican nationals and non-gang members taking place at the medium security facility, and that Perez is a Mexican national and non-gang member. He also asserts that Danaher, Sanders, Jones knew of a substantial risk of serious harm against him, yet did not stop his transfer to the medium security facility, and thus, violated his Eighth Amendment rights. He also states that defendants Lappin and Mukasey are responsible for the training of the prison wardens and staff and the safety of the inmates, but put his "life in harms way," in violation of his Eighth Amendment rights. Thus, it appears that Perez clarifies that he is alleging a failure to protect claim against defendants Lappin and Mukasey.

To the extent Perez seeks to hold defendants Lappin and Mukasey liable under a respondeat superior theory, "there is no respondeat superior liability in *Bivens* actions." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998). Furthermore, Perez's failure to protect claims against all of the defendants are barred by the applicable three-year statute of limitations, as the assault allegedly occurred on January 25, 2006. Therefore, Perez's failure to protect claims against all defendants, including Lappin and Mukasey, are dismissed with prejudice.

Finally, in his objection, Perez requests that the court allow him to name the following individuals as the seven unnamed correctional officer defendants: S.I.S. Special Agent

Baltazar, Counselor Rogers (FCI - Medium), Receiving and Discharge Officer Samson (FCI - Medium), Special Housing Unit Officer Byram (FCI - Medium), Special Housing Unit Officer Kay (FCI - Medium), Special Housing Unit Officer Goucher (FCI - Medium), and Special Housing Unit Officer Bryan (FCI - Medium). Perez asserts that Baltazar, Rogers, Samson, Byram, Kay, Goucher, and Bryan were aware of the assaults taking place against Mexican nationals not involved in any gang activity, yet did not attempt to stop the transfer to the medium security facility in violation of his Eighth Amendment rights. As discussed above, the failure to protect claims against these officers is barred by the applicable three-year statute of limitations. Therefore, the claims against defendants Baltazar, Rogers, Samson, Byram, Kay, Goucher, and Bryan are dismissed with prejudice.

Accordingly, plaintiff's claims are DISMISSED with prejudice. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 5) and his motion to appoint counsel (Doc. No. 6) are DENIED as moot.

IT IS SO ORDERED, this 17th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE